**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ————————————————— : | |
| STEVEN P. FLEMING, | : | Civil Action No. 10-7226(FLW) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| VETERANS ADMINISTRATION, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| ————————————————— : | |

**WOLFSON, District Judge**:

Plaintiff Steven P. Fleming, appearing *pro se*, brings this suit against Defendants Veterans

Administration ("VA"), and individual defendants, George J. Opfer, Catherine Gromek and Christina

Lavine (collectively, "Defendants"), for allegedly misdiagnosing him with schizophrenia, which led

to the revocation of his commercial pilot license by the Federal Aviation Agency ("FAA"). This is

not the first time Plaintiff has brought the same claims to this Court. His relentless efforts to seek

damages relating to his alleged misdiagnosis and to reinstate a medical clearance to fly commercial

airlines have resulted in multiple federal actions in the Districts of New Jersey and Eastern and

Middle Pennsylvania.[1]  At least two Third Circuit opinions have previously addressed identical

---

[1]     As Chief Judge Simandle, in *Fleming v. Chiesa*, 2012 U.S. Dist. LEXIS 90677
(D.N.J. Jun. 29, 2012), observed, Plaintiff is a vexatious litigant. His lawsuits have covered:

the loss of his pilot license, *E.g., Fleming v. U.S. Dep't Transp.*, 348 Fed. Appx. 736
(3d Cir. 2009); his refusal to pilot drugs, *E.g., Fleming v. Scranton*, 461 F. App'x 170
(3d Cir. 2012); a forced resignation for racial reasons from his clerk job at College
Park Airport, *Fleming v. Maryland-National Capital Park & Planning Comm'n*, 2012
U.S. Dist. LEXIS 31006 (D. Md. Mar. 8, 2012); a misdiagnosis of paranoid

claims raised by Plaintiff in this case.  *See Fleming v. United States Veterans Administration*, 348 Fed. Appx. 737 (3d Cir. 2009) ("Fleming I") and *Fleming v. United States Veterans Administration*, 468 Fed. Appx. 95 (3d Cir. 2012) ("Fleming II").   In the instant matter, Defendants move to dismiss Plaintiff's Complaint.   Having reviewed the entirety of Plaintiff's Complaint and his litigation history, the Court finds that Plaintiff's claims against Defendants are barred based upon a variety of preclusionary doctrines. Defendants' motion is, therefore, **GRANTED**.

## BACKGROUND

Plaintiff's two-page Complaint is confusing, lacking causes of action, factual support and, in many instances, complete sentences. The Complaint vaguely references that the VA misdiagnosed Plaintiff's mental health condition.  Other than that conclusory factual allegation, Plaintiff does little to support his cause of action with other facts.  Rather, Plaintiff complains, *inter alia*, that his civil

---

schizophrenia, *Fleming v. U.S. Veteran's Admin. Med. Ctrs.*, 348 Fed. Appx. 737, 738 (3d Cir. 2009); medical malpractice and civil rights claims relating to medications administered while he was committed at Ancora Psychiatric Hospital, *Fleming v. Ancora Hospital*, No. 98 Civ. 4767 (D.N.J. July 20, 1999); wrongful incarceration, *Fleming v. Scranton*, 461 F. App'x 170 (3d Cir. 2012); incarceration on charges of Retaliation for Past Official Action and Contempt of Domestic Violence Restraining Order, *Fleming v. Ancora Hospital*, No. 98 Civ. 4767 (D.N.J. July 20, 1999); losing custody of his daughter "under the table at Cape May Court House," *E.g., Fleming v. Cape May County*, 2011 U.S. Dist. LEXIS 148265,*2 (D.N.J. Dec. 23, 2011); the American Civil Liberties Union's refusal to represent him in the child custody dispute, *Fleming v. Am. Civil Liberties Union*, No. 10 Civ. 5741, 2011 U.S. Dist. LEXIS 155594 (D.N.J. Oct. 17, 2011); and his wife leaving him for a New Jersey attorney whom the District Ethics Committee refused to investigate, *E.g., Fleming v. State of New Jersey & District I Ethics Committee*, No. 11 Civ. 6917, 2012 U.S. Dist. LEXIS 5976 (D.N.J. Jan. 18, 2012).  Many of the lawsuits accuse government and judicial officials of being "dirty," *E.g., Fleming v. Lackawanna County*, 2010 U.S. Dist. LEXIS 112183, *1 (M.D. Pa. Oct. 1, 2010) and having "conflicts of interest," *E.g. Fleming v. Scranton*, 2011 U.S. Dist. LEXIS 76100, *2 (M.D. Pa. June 22, 2011).

*Id.*

rights have been violated by the VA in what appears to be an exhibit to his Complaint.  *See* Compl., p. 6.  No additional pertinent information was set forth in the Complaint, other than Plaintiff's rambling assertions that the VA "ruined" his professional and personal life.

Plaintiff has apparently sued the VA for the identical alleged wrongdoing on at least two other occasions.  The Third Circuit, in *Fleming I,* wrote that "Fleming filed a complaint in the United States District Court for the Eastern District of Pennsylvania on December 8, 2008 in which he alleged that the [VA] misdiagnosed him with paranoid schizophrenia. He alleged that, as a result of this diagnosis, his career as an airline pilot was ruined."  *Id.* at 738.  In that case, the Third Circuit affirmed the district court's decision to dismiss Fleming's 2008 Complaint.  Among various reasons, the circuit court held that the district court lacked subject matter jurisdiction over Plaintiff's claims because Plaintiff had failed to exhaust his administrative remedies relating to his disagreement over the VA's diagnosis, pursuant to 38 U.S.C. § 7105(a).[2]  *Id.* at 738-39.

After the dismissal in *Fleming I*, Plaintiff filed yet another complaint raising identical claims against the VA and other defendants.  This time, the Third Circuit, in *Fleming II*, upheld the district court's decision to bar Plaintiff's claims based on the applicable statute of limitations.  *Fleming II*,

---

[2]        In particular, the Third Circuit explained:

"The Veterans Judicial Review Act sets out a limited procedure for judicial review of decisions made by the Department of Veterans' Affairs. *See* 38 U.S.C. § 511(a). First, the veteran must seek review within the agency by filing a notice of disagreement with the Board of Veterans Appeals. *See* 38 U.S.C. § 7105(a).  An appeal from the decision of the Board can only be taken to the Court of Appeals for Veterans Claims, which has exclusive jurisdiction over appeals from decisions of the Board of Veterans' Appeals. *See* 38 U.S.C. § 7252(a). Thus, to the extent Fleming sought review of his diagnosis by the VA, the District Court could not have exercised subject matter jurisdiction over his claim.

*Fleming I*, 348 Fed Appx. at 738-39.

468 Fed. Appx. at 95.  The Third Circuit also held "[t]o the extent that a liberal reading of the *pro se* complaint suggest[ed] that Fleming intended to complain of ongoing conduct that might fall within the limitations period--or, in the alternative, were he able to make a case for tolling of the statute of limitations, [the court found] that the complaint still fail[ed] to state a plausible claim for relief." *Id.* (internal citations and quotations omitted).  Based on the holdings of both *Fleming I* and *II*, the Third Circuit has conclusively foreclosed Plaintiff from brining any claims in the district court against the VA relating to its alleged misdiagnosis of Plaintiff.

Undeterred by the Third Circuit's decisions, Plaintiff attempts to take a third bite at the apple and brings the instant Complaint against the VA and other individuals.  These individuals include Ms. Gormek, the Congressional Relations Officer for the VA; Ms. Lavine, former Director of the VA's Hotline Division; and Mr. Opfer, the Inspector General of the Department of Veterans Affairs. Importantly, none of these individual defendants was alleged to have been personally involved in Plaintiff's diagnosis or treatment, or in the decision to deny Plaintiff medical clearance. Furthermore, it appears that Plaintiff raises the same types of claims against the VA and the individual defendants as his claims in *Fleming I* and *II*, and Plaintiff does not appear to assert any new claims against Defendants stemming from any allegations unrelated to Plaintiff's misdiagnosis. As such, the Court will assess Plaintiff's Complaint in this regard.

## DISCUSSION

### I.    Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v.*

4

*County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard.  The Court held that the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  In affirming that *Twombly* standards apply to all motions to dismiss, the Supreme Court has explained that principle.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1949.  Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  Moreover, in deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of Plaintiffs' claim. *Lum v. Bank of Am.,* 361 F.3d 217, 222 n. 3 (3d Cir. 2004).

The Third Circuit has reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." *West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).  This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." *Id.*  That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." *Id.* (citations and quotations omitted).

## II.    *Res Judicata*

*Res judicata* encompasses two preclusion concepts; the first of which is issue preclusion, which forecloses litigation of a litigated and decided matter often referred to as direct or collateral estoppel, and the second, claim preclusion, which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit. *Bierley v. Dombrowski*, 309 Fed.Appx. 594, 596-7 (3d Cir.2009) (internal quotations omitted).  The doctrine of collateral estoppel prevents parties or their privies from re-litigating an issue or claim if a court has already delivered a valid, final judgment on the merits. *Witkowski v. Welch*, 173 F.3d 192, 198-99 (3d Cir.1999). The doctrine applies if four requirements are met: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it[was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *In re G-I Holdings Inc.*, 2003 U.S. Dist. LEXIS 16317, at *6 (D.N.J. Aug. 8, 2003) (citations omitted). The purpose of the collateral estoppel doctrine is to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to repeatedly relitigate the same issues in multiple lawsuits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Claim preclusion is a broader doctrine than collateral estoppel. It applies not only to claims that were brought in a previous lawsuit, but also to claims that could have been brought in that suit. *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir.1999). The doctrine attaches if there has been: (1) a final judgment on the merits in a previous lawsuit involving: (2) the same parties or their privies; and (3) a subsequent action based on the same cause of action. *Mullarkey v. Tamboer*, 536 F.3d 215, 225 (3d Cir.2008) (citations omitted).

In deciding motions to dismiss based on preclusion grounds, a district court may grant such

a motion based on the face of the complaint. *Brody v. Hankin*, 145 Fed.Appx. 768, 771 (3d Cir.2005). Additionally, a court may consider the judicial opinion of another court for the existence of that opinion, though not for the truth of the matter asserted. *Id.* at 772 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir.1999)); *see also McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir.2009) ("In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record, and a court may take judicial notice of a prior judicial opinion.") (internal citation omitted).   Here, Plaintiff's claims are barred under both collateral estoppel and claim preclusion.

First and foremost, while it is unclear precisely what claims Plaintiff is asserting against the VA, to the extent that Plaintiff's claims relate to his diagnosis or treatment by the VA, these are barred by claim preclusion.  As indicated earlier, in *Fleming I*, Plaintiff asserted claims that the VA had carelessly and wrongfully diagnosed him and committed medical malpractice, which conduct ultimately caused him to lose his pilot's license.  The district court entered a final judgment dismissing Plaintiff's claims in that case, and the Third Circuit affirmed.  In *Fleming II*, Plaintiff, again, asserted that the VA committed medical malpractice by wrongfully diagnosing him. These claims were likewise dismissed because they were time barred by the applicable statute of limitations and did not state a claim for plausible relief.  That decision was also affirmed by the Third Circuit. Accordingly, to the extent that the instant action involves the same claims – which it appears that it does – they are barred by *res judicata*.  Plaintiff has already twice asserted the same medical malpractice and denial of due process claims against the VA in previous proceedings.

Similarly, to the extent that Plaintiff asserts new claims against the VA arising from his past treatment, those claims are likewise barred. Claim preclusion bars the reassertion of not only claims

that have been previously raised, but also claims that could have been raised based on the same underlying facts. *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir.1999). As such, to the extent that Plaintiff is bringing new claims arising out of the same underlying transaction upon which his prior claims were based, these claims are barred by claim preclusion. *Id.* Plaintiff cannot assert them now.

With respect to any claims asserted against the individual defendants, they are also barred by *res judicata*. At the outset, because these defendants are former and current employees of the VA, for the purposes of issue and claim preclusion, they are considered privies of VA. *See Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988)(finding that government officials sued in their official capacities for actions taken in the course of duty are considered in privity with the government entity itself) Therefore, any claims, arising out of the alleged misdiagnosis by the VA, that Plaintiff wishes to bring against the individual defendants in this case, should have been brought in the previous proceedings. Plaintiff cannot raise them here. To the extent that Plaintiff asserts any new claims against these individual defendants based on allegations unrelated to the alleged misdiagnosis, they are also dismissed because Plaintiff has not alleged any facts to support such causes of action.

Accordingly, Defendants' motion to dismiss is hereby **GRANTED** in its entirety.

DATE:        March 20, 2013                    /s/Freda L. Wolfson
                                               Freda L. Wolfson, U.S.D.J.